THE COUNTY OF LA SALLE, plaintiff in error, *v.* WILLIAM SIMMONS, defendant in error.

*Error to La Salle.*

Where payment of money is compelled by undue advantage taken of the situation of the party paying, and it is against equity and good conscience that the payment should be retained, the money so paid can be recovered back by the party paying it.

Thus, where County Commissioners gave notice that they would grant a certain Ferry License to the person who would donate the largest sum to the County, and, several offers being made, the person who had previously kept the ferry, and was an applicant for a license to continue the same, finally offered $500, which offer was accepted by the Commissioners and the money paid ; *Held,* by the Court, that, inasmuch as the law in force at the time of this transaction, authorized County Commissioners, in granting a ferry license, to impose an annual tax *not exceeding* one hundred dollars, they had no right to annex conditions or impose restrictions not prescribed by the statute, and that the $500 was to be considered a compulsory payment which could be recovered back: *Held, also,* that interest can be recovered on a compulsory payment thus made.

The declarations of County Commissioners are not evidence against the County unless made while officially representing the County and engaged in the transaction concerning which the declarations are made.

A book kept in the Clerk's office of the County Commissioners, under their direction, respecting the affairs of the County, though not a public record, is yet *prima facie* evidence against the County of the facts stated therein.

DEBT, in the La Salle Circuit Court, brought by the defendant in error against the plaintiff in error, to recover back the amount, with interest, of a payment alleged to have been illegally enforced from the defendant in error by the plaintiff in error. The case was tried by the Court below and a judgment rendered for the plaintiff below for $500 debt and $292·50 damages.

The pleadings and evidence are set forth in the Opinion of the Court.

*J. C. Champlin,* for the plaintiff in error.

The finding in this case cannot be sustained, because—

I. The finding is based on incompetent testimony in regard to the payment of the money by Simmons.

1. It is on hearsay testimony.

2. It is on the admission of a book in evidence that is not a record, nor an admission by the county, nor does it possess any character that can entitle it to be admitted as evidence in the cause. Phil. Ev. Cowen & Hill's Notes, part 1, 168, n. 175; ib. 180, n. 182; ib. 562.

II. But, admitting the evidence that was received to have been sufficient to establish the facts sought to be established by it, the whole record shows those facts to be insufficient to sustain the judgment. Because—

1. Money voluntarily paid, without fraud, and without mistake, the payment of which was not obtained by coercion, bad faith, or undue means, nor for the procurement of a thing to which the person paying had a right without the payment of the money, is not such a payment as can be recovered back. 1 U. S. Dig. 262, § 546, citing 1 N. & M. 45; 1 Wend. 360; 13 S. & R. 258; 4 Mass. 488; 1 Conn. 394; 7 Greenl. 134; 2 Denio, 33, and cases there cited in counsel's brief, viz: 2 Phil. Ev. 118; 9 Cowen, 674, 681; 1 Taunt. 144; 2 East, 469; 2 Starkie's R. 85; 9 Johns. 370; Jacob's Law Dict., *Extortion;* 2 Burr. 1012; 11 Mass. 368, 376.

III. The defendant is estopped to deny that the money was paid as a donation: because the proof of the payment and every part of that proof is coupled with proof that it was paid and received as a donation.

IV. The judgment was for a larger amount than the proof warranted, assuming the proofs to be competent. Vide R. L. 294.

*T. L. Dickey* and *E. S. Leland,* for the defendants in error, presented the following points and authorities. The exceptions to the competency of evidence in the bill of exceptions are too general, do not appear to have been taken in apt time or manner, and cannot be made available here. *Clay* v. *Boyer,* (*ante,* 506;) *Waldo* v. *Russell,* 5 Missouri, 387.

The payment, sought to be recovered back herein, was made in furtherance of a transaction forbidden by the Statute passed for the protection of ferry keepers against extortion by County Commissioners. Gale's Stat. 302, §§ 1, 2 and

14. In transactions prohibited by a statute passed to protect one set of men from another—the one being liable from their situation to be oppressed or imposed upon by the other—the parties are held not to be *in pari delicto,* and the injured party may recover. *Browning* v. *Morris,* Cowp. 790 ; *Jacques* v. *Withy et al.,* 1 H. Black. 65 ; *Williams* v. *Headly,* 8 East, 378 ; *Ferguson* v. *Sutphen,* 3 Gilm. 547 ; *Headly* v. *Dunn,* 5 B. Monroe, 145 ; *Wheaton* v. *Hubbard,* 20 Johns. ; 1 Story's Eq. Jur. 299, §§ 300, 302.

This payment was not voluntary, but coerced by undue advantage taken of Simmons' situation, and in such cases money may be recovered back. 1 U. S. Dig. 292, § 547 ; *Cazenove* v. *Cutler,* 4 Metc. 246 ; Note in 2 Esp. Rep. 548, in *Marriott* v. *Hampton* ; ——— v. *Pigot,* cited in *Cartwright* v. *Rowley,* 2 Esp. R. 723 ; *Shaw* v. *Woodcock,* 14 Eng. C. L. R. 14 ; *Dew* v. *Parsons,* 4 do. R. 640 ; *Clinton* v. *Strong,* 9 Johns. 370 ; *Ripley* v. *Gibson,* 9 Johns. 201 ; *Boston & S. Glass Co.* v. *City of Boston,* 4 Metc. 181 ; *Morgan* v. *Palmer,* 9 Eng. Com. L. R. 729.

The Court will distinguish between *immoral* or *criminal* contracts and such as are merely *illegal and void*—being against public policy or prohibited by statute. *Mount & Wardell* v. *Wait,* 7 Johns. 434, and Ch. J. Kent's Opinion in *Vischer* v. *Yates,* 11 Johns. 28.

Interest is allowable by American decisions where money is fraudulently or wrongfully obtained—though there is no express agreement to pay.

The Opinion of the Court was delivered by

TREAT, C. J. This was an action of debt brought by William Simmons against the County of La Salle. The declaration was for money had and received ; the plea *nil debet.* The cause was heard by the Court. It was proved by the plaintiff that, in the year 1837, the County Commissioners of La Salle county gave notice that they would grant a license for a ferry across the Illinois river, at the town of Ottawa, to the person that would donate the largest sum of money to the county ; that up to that time, the plaintiff had

kept the ferry, and was an applicant for a license to continue the same; that on the day the license was granted, several offers were made for the franchise, when the plaintiff finally bid the sum of five hundred dollars. Several witnesses testified that they had heard the successors in office of the Commissioners who granted the license, declare that the plaintiff had paid the $500 to the county; and another witness testified that he had heard one or more of the Commissioners who granted the license, make a similar declaration. The plaintiff then produced in evidence a book, which the County Clerk swore was a book belonging to his office, in which the accounts of the treasurer were kept; and in which book, the treasurer was charged, under date of July, 1837, with the receipt of $500 from William Simmons as a donation to the county. The defendant objected to the introduction of all of the evidence, and excepted to the decision of the Court admitting it. On this state of case, the Court rendered a judgment for the plaintiff for $500 debt, and $292·50 damages—the amount of interest. The County sued out a writ of error.

The declarations of the Commissioners, respecting the payment of the money, were not competent evidence against the County. They were not made by them while officially representing the County in this transaction. The declarations of an agent, while engaged in the business of his principal, respecting a particular matter then depending, are a part of the *res gestæ* of the transaction, and binding on the principal; but those made out of the course of the agency, when the agent is not acting for the principal in the particular transaction concerning which they are made, are mere hearsay, and not admissible in evidence against the principal. 1 Greenleaf's Ev. §§ 113–14; Story on Agency, §§ 134–5.

But the reception of this evidence did not prejudice the defendant, for the payment of the money was proved by other evidence to which there was no just objection. The book belonging to the Clerk's office was not strictly admissible as a public record, because there was no law requiring such a book to be kept. It was no doubt kept by the direc-

The County of La Salle *v.* Simmons.

tion of the Commissioners for the double purpose of exhibiting the true state of the fiscal concerns of the county, and operating as a check upon the treasurer. It was admissible because it contained memoranda made under the view and direction of the Commissioners respecting the affairs of the County, and of this particular transaction ; and the entry in question furnished *prima facie* evidence of the receipt of the money, subject, of course, to explanation on the part of the County.

The principal question in the case is, whether the money thus obtained by the County can be recovered back by the plaintiff. If the payment is to be considered as voluntarily made, it is very clear that he cannot recover back the money ; but if it is to be regarded in the light of a compulsory payment, it is equally clear that he is entitled to recover. The laws in force when this transaction took place authorize the County Commissioners to grant licenses for ferries, whenever considered necessary by them, and to impose an annual tax on each ferry not exceeding one hundred dollars. Rev. Stat. 1833, page 302. The law vested them with a sound discretion as to whether a ferry should be established, and as to whom the license should be granted unless the owner of the shores of the stream claimed the license ; but it gave them no discretion as to the sum to be paid for the franchise further than to fix the amount of the annual assessment. It was their duty, however, to establish a ferry whenever the convenience of the public demanded it, for the law gave to the owners of ferries the exclusive privilege of ferriage for hire. If they decided that the public interests would be promoted by establishing a ferry, they had then only to determine to whom the license should be issued, and what assessment should annually be made on the ferry. They had no right to annex conditions or impose restrictions not prescribed by the statute. In this case, they decided to establish the ferry, but chose only to grant the license to the person that would pay the largest amount of money for the franchise in addition to the tax which they might legally impose. In other words, the privilege of ferriage was put

up at public auction to the highest bidder. The law conferred no such power on the Commissioners. In the granting of licenses, they were bound to keep within the provisions of the statute conferring the power, and regulating its exercise.

What was the condition of the plaintiff, and what effect did this unauthorized arrangement of the Commissioners have upon him? He had been keeping the ferry, and was anxious to secure a continuance of the privilege ; but instead of being permitted to have it by complying with the requisitions of the statute, and submitting to pay the highest tax which could be assessed on the franchise, he was compelled by the force of circumstances, over which he had no control, to advance a large sum of money in order to obtain the license. The illegal conduct of the Commissioners put the plaintiff in their power; and taking advantage of his peculiar situation, they obtained money from him to which the County had not the shadow of right. The money was unlawfully and wrongfully obtained, and cannot in equity and good conscience be retained by the County. The fact that the Commissioners chose to call it a donation does not change the real character of the transaction. It was merely a device to obtain money which the County had not the slightest right to demand. The money was exacted from the plaintiff under circumstances that strip the transaction of all the features of a voluntary payment. It was in law and fact a compulsory payment, as much so as the payment of usurious interest, which the lender exacts from the borrower; or the payment of illegal charges, which an officer demands as the condition of the performonce of official services.

A reference to a few authorities will show clearly that the decision of the Circuit Court was correct. In *Irving* v. *Wilson*, 4 D. & East, 485, where a revenue officer seized goods as forfeited, which were not liable to seizure, and took money of the owner to release them, the owner was allowed to recover it back on the ground that the payment was compulsory, the owner being in the power of the officer. In

*Ripley* v. *Galston*, 9 Johnson 201, where the Collector refused to give a vessel a clearance unless the owner would pay tonnage duty, which was not properly chargeable, and the owner paid the money, the Court sustained an action to recover it back. In *Cazenove* v. *Cutler*, 4 Metc. 246, where the mortgagee of land, who was in possession for condition broken, required the mortgagor to pay more than was legally due in order to redeem, and it was paid to avoid a foreclosure, the Court held that the payment was compulsory, and might be recovered back. In *Morgan* v. *Palmer*, 2 Barn. & Cress. 729, where the Mayor demanded fees for renewing a license, to which he was not entitled, the Court held that the payment was not voluntary, and that the money could be reclaimed. Payment of taxes to a Collector, who has a warrant for their collection, is to be regarded as a compulsory payment, and if the taxes were assessed without authority, they may be recovered back in an action for money had and received. *Glass Co.* v. *Boston*, 4 Metc. 181. Money paid to obtain the possession of property illegally withheld from the owner, may be recovered back on the ground that the payment was compulsory. 7 Barn. & Cress. 73, *Shaw* v. *Woodcock*. And money paid to liberate a raft of lumber, detained in order to exact illegal tolls, was held to be a compulsory payment. *Chase* v. *Dwinall*, 7 Greenl. 134. See also the cases of *Astley* v. *Reynolds*, 2 Strange, 915, and *Clinton* v. *Strong*, 9 Johns. 370.

It cannot, with any degree of propriety, be said that the parties were in *pari delicto*, and therefore that the plaintiff is not entitled to recover. There was a great inequality of condition between the parties. The plaintiff was in the power of the Commissioners, and compelled from the necessity of the case to advance the money in order to obtain the license. He was not *particeps criminis*, because acting under constraint and not from choice. *Jacques* v. *Withey*, 1 H. Black. 65; *Browning* v. *Morris*, 2 Cowp. 790; *Williams* v. *Headly*, 8 East, 378; *Jacques* v. *Golightly*, 2 W. Black. 1073; *Mount* v. *Waite*, 7 Johns. 434; 1 Story's Eq. § 300 *et seq.; Ferguson* v. *Sutphen*, 3 Gilm. 547.

The question is made whether interest is recoverable. The money was wrongfully obtained from the plaintiff in the first instance, and as a matter of course afterwards illegally withheld from him. In such case, the law is well settled in this country, however it may be in Great Britain, that interest may be recovered. The plaintiff was deprived of the use of his money without his fault, and he ought to receive compensation by the allowance of interest in the way of damages. Where a defendant fraudulently obtained or wrongfully detained the money of the plaintiff, he is chargeable with interest from the time of his so obtaining or detaining the same. *Wood* v. *Robbins,* 11 Mass. 504. Interest is recoverable against a man, who receives the property of another, and holds it against his consent. *Commonwealth* v. *Crevor,* 3 Binney, 121. Also on money received for property wrongfully converted. *Chaney* v. *Yeates,* 1 New Hamp. 151. And against a person intrusted with the collection of money, who converts it to his own use, from the time it ought to have been paid over. *People* v. *Gasherie,* 9 Johns. 71. Where money is obtained by fraud or deceit, and the party injured waives the tort and brings his action on the implied promise to restore it, interest may be allowed as damages. *Selleck* v. *French,* 1 Conn. 32; Savage, C. J., in *Reid* v. *Renssellær,* 3 Cowen, 393.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*