VIVIAN E. KOZAK, Plaintiff-Appellee, v. RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (4th Division)   No. 83—2138

Opinion filed November 8, 1984.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Mary K. Rochford, Assistant Corporation Counsel, of counsel), for appellant.

Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde, Marshall E. LeSueur, and Katrina Veerhusen, of counsel), for appellees.

JUSTICE ROMITI delivered the opinion of the court:

Defendant-appellant, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago, appeals from an order of the circuit court of Cook County requiring that it pay prejudgment interest on certain judgments entered against it for retroactive widows' annuity payments previously held by this court and the Illinois Supreme Court to be owed to plaintiff-appellee Kozak. *Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d 1371, *aff'd* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.

In the trial court, plaintiff advanced three separate bases for the award of prejudgment interest: a statutory provision allowing such interest to creditors when money has been withheld by an unreasonable and vexatious delay of payment (Ill. Rev. Stat. 1983, ch. 17, par. 6402); case law permitting such interest when funds have been wrongfully obtained and illegally withheld; and case law allowing such interests in an equitable proceeding when equitable considerations support such an award. We find that the award was justified on equitable grounds and affirm on that basis.

As a result of the 1970 death of plaintiff Kozak's husband, a battalion chief with the Chicago fire department, she became entitled to a widow's annuity under section 6—140 of the Illinois Pension Code. (Ill. Rev. Stat. 1983, ch. 108½, par. 6—140.) That statute was amended effective January 1, 1972, to provide for the following

method of calculation of benefits:

> "The annuity for the widow of a fireman whose death results from the performance of an act or acts of duty shall be an amount equal to 50% of the· current annual salary attached to the classified position to which the fireman was certified at the time of his death and 75% thereof after December 31, 1972, and it shall be payable to the widow until the fireman, had he lived, would have attained the age prescribed for compulsory retirement.
>
> * * *"

During the years 1972 and 1973, the board interpreted this provision to mean that the widows should receive benefits based on the current salaries paid to those in the same positions held by their husbands at the time of their death. Thus when salaries for those positions were increased, the widows' annuities were increased. But beginning January 1, 1974, the board changed its construction of the statute and did not adjust the annuities when increases were made in the salaries for the pertinent positions. The board never notified the widows of this change in its interpretation of the statute. In March 1980, plaintiff filed a complaint with the circuit court of Cook County seeking computation of her annuity based on the annual salaries of active firemen and seeking retroactive payment to herself and to all members of the class of all widows of Chicago firemen who receive annuities pursuant to section 6—140 to reflect all salary increases made since January 1, 1974. The circuit court dismissed the complaint, finding defendant's construction of the statute to be correct, but on appeal this court reversed, finding that plaintiff was to be paid a pension based on the annual salary of firemen currently in the same position as that held by her husband. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d 1371.) The Illinois Supreme Court affirmed this court and remanded the cause for further proceedings. *Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.

After remand, the circuit court certified the class, found to consist of "all persons who are or were at any time since January 1, 1974, entitled to receive widow's compensation annuity benefits from the Defendant Board pursuant to *** sec. 6—140 ***." Plaintiff subsequently moved for the award of prejudgment interest and filed a memorandum citing all three bases that we have noted. After the matter had been fully briefed the circuit court entered an order granting the motion. Defendant then brought this appeal.

■ We first consider whether plaintiff was entitled to interest on statutory grounds. The pertinent statute provides:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." (Ill. Rev. Stat. 1983, ch. 17, par. 6402.)

We find plaintiff's reliance on this statute to be misplaced, because the statute does not specifically authorize the assessment of interest against municipalities. As is stated in 17 E. McQuillin, The Law of Municipal Corporations sec. 48.09 (3d ed. 1982), "Where municipal corporations are not mentioned in the law regulating interest, they are not within its provision and are not required to pay interest." That was early on held to be the law in Illinois (*City of Pekin v. Reynolds* (1863), 31 Ill. 529), and the recent case of *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 577-78, 413 N.E.2d 394, 396-97, in which this same principle of strict construction of interest statutes was held to negate the liability of the State of Illinois for prejudgment interest under the same statute cited by plaintiff here, would appear to support the continuing vitality of that principle. Plaintiff has cited the case of *Woodruff v. City of Chicago* (1946), 394 Ill. 542, 551-52, 69 N.E.2d 287, 292-93, in which the Illinois Supreme Court appeared to assume that this interest statute would apply to municipal corporations, but in fact in that case the court decided that the grounds for the exception had not been established, so that the question of the statute's applicability to municipal corporations was not squarely addressed.

■ We also find no merit in the second basis advanced by plaintiff to support the grant of prejudgment interest. The principle relied on is that "where money is wrongfully obtained, or where it is lawfully obtained and unlawfully and wrongfully withheld, the municipality is liable for interest to the same extent as a private party." (*Conway v. City of Chicago* (1908), 237 Ill. 128, 137, 86 N.E. 619, 623.) Without regard to the dispute between the parties as to whether the money must first be wrongfully obtained or whether it suffices that it be wrongfully withheld, it would appear that for this exception to be applicable the wrongful party must actually have money in its possession which is determined to belong to another. (*County of La Salle v. Simmons* (1849), 10 Ill. 513, 520-21; *City of Chicago v. Northwestern*

*Mutual Life Insurance Co.* (1905), 218 Ill. 40, 75 N.E. 803; *Board of Trustees v. Village of Glen Ellyn* (1949), 337 Ill. App. 183, 198-99, 85 N.E.2d 473, 480-81.) Here, there is no evidence that in the period in question the defendant held any of the money sought by plaintiff in her original action. The applicable statutes specifically contemplate that these funds will be obtained from the city of Chicago on an annual basis as they are determined to be needed. (Ill. Rev. Stat. 1983, ch. 108½, pars. 6—165, 6—169.) There is no evidence in the record that the defendant board, in the years before this dispute was judicially determined, collected funds which at the time it did not believe it had to pay. Because it has not been established that defendant had been holding the money due the plaintiff, a grant of prejudgment interest cannot be based on the wrongful withholding principle cited by plaintiff.

■ As we have noted, plaintiff has contended in the circuit court and before us that she is entitled to prejudgment interest on equitable grounds. As was stated in *Finley v. Finley* (1980), 81 Ill. 2d 317, 332, 410 N.E.2d 12, 19, in an equitable proceeding:

> "*** the allowance of interest lies within the sound discretion of the trial judge and is allowed where warranted by equitable considerations and is disallowed if such an award would not comport with justice and equity."

The trial court's determination to award such interest will not be set aside absent a finding of an abuse of that discretion. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.) In this cause the defendant board, after following for two years a construction of the statute resulting in payments which increased with current salary increases, suddenly changed its construction to one which effectively froze the amount of the payments. The board never notified plaintiff of this change, and plaintiff did not bring suit to contest the matter for 5½ years. In the initial appeal of the original cause to this court defendant attempted to invoke against plaintiff the equitable doctrine of *laches* based on that 5½-year delay. In rejecting this claim we stated:

> "*** in light of the fact that the Board had full knowledge of its change in interpretation of the statute, and deliberately chose not to convey this notice to plaintiff but chose to conceal it from her, it would be unconscionable to permit the Board to benefit by its concealment by claiming plaintiff should have known the facts anyway. If the Board wished to avoid any delay in contesting the issue and any prejudice it now claims resulted, it could simply and easily have sent notice to plaintiff along with the pension check." (*Kozak v. Retirement Board*

(1981), 99 Ill. App. 3d 1015, 1019-20, 425 N.E.2d 1371, 1374.) Defendant is correct in asserting that merely contesting a claimant's right to payment in court cannot provide the basis for awarding that ultimately successful claimant prejudgment interest. (*Pietka v. Chelco Corp.* (1982), 107 Ill. App. 3d 544, 437 N.E.2d 872.) But here defendant's deliberate concealment of a change in statutory construction cannot be compared to a good faith dispute over the propriety of such a construction. Certainly this behavior can reasonably be said to constitute the element of bad conduct necessary to find either an equitable or a statutory basis for awarding prejudgment interest. (*Steward v. Yoder* (1980), 86 Ill. App. 3d 223, 408 N.E.2d 55.) Accordingly, we find that the trial court did not abuse its discretion in awarding prejudgment interest to the plaintiff.

The judgment of the trial court is affirmed and the cause remanded for further proceedings consistent with this opinion.

Affirmed.

LINN, P.J., and JOHNSON, J., concur.