CITY OF PEORIA MUNICIPAL EMPLOYEES ASSOCIATION *et al.*,
Plaintiffs-Appellants, v. THE CITY OF PEORIA, Defendant-Appellee.

Third District   No. 3—88—0522

Opinion filed April 20, 1989.

Leiter, Brady & Associates, of Peoria (Thomas E. Leiter and John T. Brady, of counsel), for appellants.

Robert M. Riffle, of Keck, Mahin & Cate, of Peoria (David L. Thomas, Corporation Counsel, and Roy G. Davis, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This class action suit for declaratory judgment comes on appeal from the trial court's decision and order entered June 16, 1988, granting defendant's motion for directed verdict and from the trial court's order dated July 28, 1988, denying plaintiffs' post-trial motion. No questions are raised on the pleadings.

The facts of this case are essentially undisputed, but interpretations of their meaning are hotly contested. Plaintiffs' cause of action stemmed from defendant's decision, beginning in 1984, to change its payroll period for salaried employees from biweekly or 26 pay periods to semimonthly or 24 pay periods. In this light, plaintiffs' last paychecks in 1983 were received on December 16, 1983, for the pay period ending December 10, 1983. The next paychecks were received on January 3, 1984, and according to the defendant, were for work performed in 1984. This paycheck on January 3, 1984, was created to avoid making the plaintiffs go about a month without a paycheck. Thus, 1984 was divided into 25 pay periods instead of 24.

Plaintiffs claim they worked from December 10 to December 31 for free. Defendant states, however, that all plaintiffs received their annual salaries in 1983 in the form of 26 paychecks as verified by each employee's W-2 form. Plaintiffs counter that the first 1½ paychecks received in 1983 were for work performed in 1982 regardless of when the money was actually received. Hence, defendant still owes for the work performed in late 1983. Moreover, plaintiffs claim certain employees, who were terminated in 1983, were given paychecks after their termination date in order to compensate them for their work up to the termination date.

After trial, the jury returned a verdict finding that plaintiffs were owed for work performed between December 10 and December 31, 1983. By special interrogatories, the jury also found that plaintiffs were salaried employees; were entitled to their annual salary in 1983; were paid their annual salary in 1983; but were not paid the compensation to which they were entitled in 1983. Moreover, the jury specially found that defendant did not budget a 27th payroll in 1983 and that the amount budgeted by defendant to compensate plaintiffs was their annual salary.

The trial court based its decision and order granting defendant's motion for directed verdict on the grounds that plaintiffs were paid all they were entitled to in 1983 under the terms of the contract entered into between the parties.

■ Directed verdict is properly entered "in those cases in which all the evidence, when viewed in its aspect most favorable to the op-

ponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) Thus, the procedural issue is whether the trial court violated the *Pedrick* standard in granting defendant's motion for directed verdict. Substantively, defendant raises two defenses. First, that plaintiffs, being salaried employees, were all paid the amounts they were entitled, in that each employee received 26 paychecks totalling their annual salary in 1983. Second, that defendant did not appropriate any money for an additional paycheck in 1983 beyond the 26 paid.

It is not disputed defendant has the responsibility of maintaining salary schedules and, prior to 1984, paid salaried employees an annual salary rate divided into 26 pay periods per year. Then, in 1984, defendant properly instituted a semimonthly pay schedule wherein salaried employees were paid on or near the 15th and the end of each month, thereby creating 24 pay periods. Because, however, 1984 was the transition year, defendant created a 25th pay period in order to avoid the harsh effect of employees going a month without a check. Nonetheless, the defendant maintains that all money paid in 1984 was for work performed in 1984. The reason, defendant says, the employees' last paycheck in 1983 was on December 16 is the biweekly pay system contains a fundamental flaw because it is based on the erroneous assumption that there are exactly 52 calendar weeks in a year. Thus, a 27th payroll will "roll up" over the course of 10 or 11 years. This is what happened in 1982, so defendant began the 1983 pay period early, again to avoid a large gap in pay periods. The problem, however, arose again in 1983 because it was merely carried over from 1982.

■ First, defendant's defense of lack of appropriation is without merit for the simple reason that although only 26 pay periods were appropriated for 1983, it does not resolve the question of whether money is owed. Plaintiffs assert that prior to 1984, defendant paid employees for services after they were performed, but then creatively avoided payment for weeks worked by changing to a new payroll system. Therefore, the first payment made in 1984 should be credited towards work performed in 1983 and not 1984. Regardless, defendant need not have budgeted any more money because the evidence indicates that at the end of 1983 a balance of $1,651,583 remained in the budget for salaries, a figure well above the amount prayed for. In fact, defendant's year-end audit showed an accrued payroll liability of $1,451,642. We do not dispute the law cited by defendant regarding defendant's responsibility to appropriate funds and not being required

to spend money beyond that appropriation, but it does not address the issue of this case.

■ It is clear that in years preceding 1984, plaintiffs were paid by defendant for services after the date of performance. The payroll stubs indicated the period of time for which employees were being paid. For example, the January 3, 1983, paycheck received by plaintiffs was for services rendered during the pay period ending December 25, 1982. Similarly, all witnesses testified that employees were not paid in advance prior to 1984. To accept defendant's position that all of the pay periods in 1983 were for work performed in 1983 is to believe that an employee first starting employment on January 1, 1983, would receive a full paycheck on January 3, 1983, and then work to earn the money. Two witnesses testified that when their employment was terminated in 1983, they received subsequent paychecks to compensate them up until the date of termination. Certainly, if defendant was paying employees in advance, no additional paychecks would have been required. Although plaintiffs apparently received an amount equal to their annual salaries in 1983, defendant's change in payroll scheduling effectively avoided paying plaintiffs for work performed from December 10 to December 31, 1983; money which would have been paid in the following year under the old system.

To illustrate, if Mr. "X" would have been hired on January 1, 1983, under the old system, his first paycheck would have been on January 14, 1983, and would have been for work performed through January 8, 1983, or one week of work. Nonetheless a previous paycheck had been issued on January 3, 1983, but Mr. "X" would not have received any compensation because those paychecks by their own terms covered work though December 25, 1982. Thus on January 14, 1983, defendant owed Mr. "X" for one week of salary. The next paycheck was on January 28 and covered the period from January 8 through January 22, 1983, and would have been Mr. "X's" first full paycheck. Carrying this through until December 31, 1983, Mr. "X" would have received a total of 25 paychecks, with one paycheck being for ½ of a pay period. Undeniably, each paycheck represents two weeks. In essence then, Mr. "X" would have received 24½ paychecks. Therefore, if the first paycheck in 1984 was for work performed in 1984, Mr. "X" would still be owed for 3½ weeks of work performed in 1983. This is plaintiffs' position. Although all plaintiffs received 26 paychecks in 1983, they have not been fully compensated for work performed in 1983 because the first 1½ paychecks covered work periods in 1982. Amounts owed at the end of a year prior to 1984 were carried over and paid in the following year. Defendant cannot now

change the system without first being current under its old system. The jury's verdict that money was owed to plaintiffs is correct.

There is substantial evidence favorable to plaintiffs' position in this cause. Therefore, we need not consider the other issues raised by plaintiff as additional grounds for reversal. The trial court's decision and order granting defendant's motion for directed verdict and its order denying plaintiffs' post-trial motion are both reversed and the cause is remanded for further hearing consistent with this opinion.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.