CITY OF PEORIA MUNICIPAL EMPLOYEES ASSOCIATION *et al.*, Plaintiffs-Appellants, v. THE CITY OF PEORIA, Defendant-Appellee.

Third District No. 3—90—0336

Opinion filed August 7, 1990.—Rehearing denied September 11, 1990.

Thomas E. Leiter and Sandra J. Birdsall, both of Leiter, Brady & Associates, of Peoria, for appellants.

David L. Thomas, Corporation Counsel, and Roy Davis and Robert M. Riffle, both of Keck, Mahin & Cate, both of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This case comes to us upon plaintiffs' application for leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), and this is the second time this case is before us. On April 20, 1989, we reversed the trial court's order dated June 16, 1988, granting defendant's motion for a directed verdict and July 28, 1988, order denying plaintiffs' post-trial motion. (See *City of Peoria Municipal Employees Association v. City of Peoria* (1989), 182 Ill. App. 3d 407, 537 N.E.2d 1115.) On appeal at that time was the procedural question of whether the evidence presented at jury trial, when viewed in a light most favorable to plaintiffs, warranted the trial court's directed verdict in favor of defendant. We determined, after extensive review, that the jury's verdict finding that plaintiffs were owed for work performed between December 10 and December 31, 1983, was correct, and therefore reversed the trial court's decision and remanded the cause for hearing consistent with our opinion. At the time of our previous ruling, the only issue was that of liability. No evidence had at that time been presented regarding damages, as the trial had previously been bifurcated with liability issues to be tried before a jury and damages to be tried before a judge. On October 5, 1989, the Illinois Supreme Court denied defendant's petition for leave to appeal our decision, and the mandate issued to the trial court on October 31, 1989.

On remand, both parties filed motions for summary judgment regarding damages. Plaintiffs contend that, by our previous opinion, the trial court need only determine what each plaintiff's wages were for the period of December 10, 1983, to December 31, 1983, and enter judgment plus interest. Defendant admitted that wages for the three-week period totaled $938,035.52 but filed a cross-motion for summary judgment, seeking summary judgment, alternatively, that either (1) nothing was owed to plaintiffs or (2) that a maximum of $119,021 was owed due to prepayment made to plaintiffs in prior years. The trial court denied both motions and subsequently denied plaintiffs' motion to reconsider. The trial court did, however, grant plaintiffs' motion for

certification and thus certified the following question for review:

> Whether the court's denial of plaintiffs' motion for summary judgment and motion for reconsideration violated the appellate court's mandate.

For reasons discussed hereafter, we determine that the trial court properly denied plaintiffs' motion for summary judgment and motion for reconsideration and, therefore, deny plaintiffs' application.

Plaintiffs argue that our previous opinion absolutely determined that plaintiffs were owed for three weeks' wages. Plaintiffs are incorrect. By our previous opinion, we determined only the liability question of whether defendant owed plaintiffs wages for work performed in 1983. After extensive review of the record, appellate briefs and argument, we determined that defendant's change in the payroll system "effectively avoided paying plaintiffs for work performed from December 10 to December 31, 1983." This determination was based upon the evidence that, prior to 1984, defendant paid plaintiffs for work performed subsequent to the date earned and any pay owed plaintiffs for the end of a given year would be paid the following year. In 1984, however, defendant changed its payroll system and took the position that any paycheck issued in 1984 was for work performed in 1984, a method drastically different than the method it had used previously. Thus, the final paycheck issued to plaintiffs in 1983 stated that it represented work performed through December 10, 1983. We illustrated plaintiffs' position through the use of a fictitious "Mr. X" and herein correct our previous misstatement that "Mr. X" was owed for 3½ weeks, but more properly was owed for three weeks' work. This illustration, however, was by no means a determination that each plaintiff was similarly situated to "Mr. X" and owed three weeks' wages. Our illustration, used solely to clarify plaintiffs' point as to liability, did not take into consideration any number of theories defendant may put forth as a defense at subsequent trial on damages.

In opposition to plaintiffs' motion for summary judgment, defendant has filed the affidavits of a certified public accountant (CPA) and the payroll supervisor for the city, who both stated that simply calculating three weeks' wages in assessing plaintiffs' damages is incorrect.

Plaintiffs allege, however, that all of the defenses being raised by defendant were previously raised and rejected at the liability stage. First, plaintiffs argue that the affidavit of the CPA is nothing more than an argument that plaintiffs were paid in advance for work performed between December 10 and December 31, 1983. Second, plaintiffs argue that the affidavit of the payroll supervisor is merely a statement that plaintiffs were paid in 1984 for work performed in 1983,

contrary to her previous testimony at trial. We do not agree with plaintiffs' assertions. The affidavit of the CPA states that because there are more working days in a year than are actually figured into a biweekly pay system, each plaintiff may not be entitled to three weeks' wages. We did not previously consider this defense and will not consider the merit of this defense now, but believe that when viewed in a light most favorable to defendant, this defense creates a material issue of fact. Likewise, the affidavit of the payroll supervisor does not state that plaintiffs, across the board, were paid in 1984 for work performed in 1983. If the affidavit did make that claim, we then would concur with plaintiffs' position, since we determined in assessing liability that plaintiffs were not, as a class, compensated in 1984 for work performed in 1983. The affidavit, however, merely states that, upon termination, an employee is compensated for one week's additional pay beyond the date of termination. If in fact this is true, then those plaintiffs who are no longer employed by defendant may not be entitled to the same consideration as those plaintiffs still employed by defendant. This affidavit thus creates a material issue of fact regarding damages.

Simply stated, our previous opinion determined that the defendants were exposed to liability as a result of the change in the payroll system. At that time we had no evidence before us regarding damages and made no such determination. We remanded the cause for hearing consistent with our opinion. To clarify, we remanded the cause to the trial court for a hearing to assess damages. Defendant is entitled to present any theory it desires regarding this issue. If the defendant's defense goes to liability and not damages, we have confidence the trial court will recognize this and either disallow or disregard that defense.

■■ ■ Pursuant to Supreme Court Rule 308, the appellate court has discretion in whether to allow an appeal after the trial court has certified an issue for review. In that regard, we must determine whether the question certified involves a question of law to which there is a substantial ground for difference of opinion. (134 Ill. 2d R. 308.) Essentially, however, it appears that what is most desired is clarification of our previous opinion. We trust that this opinion will provide such clarification and this cause may proceed in the trial court. For all the foregoing reasons, plaintiff's application for leave to appeal is denied.

Application denied.

HEIPLE, P.J., and BARRY, J., concur.