CITY OF PEORIA MUNICIPAL EMPLOYEES ASSOCIATION *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. THE CITY OF PEORIA, ILLINOIS, Defendant-Appellant and Cross-Appellee.

Third District   Nos. 3—90—0830, 3—90—0876 cons.

Opinion filed August 22, 1991.

David L. Thomas, Corporation Counsel, and Robert M. Riffle, of Keck, Mahin & Cate, both of Peoria (Roy G. Davis, of counsel), for appellant.

Sandra J. Birdsall, of Leiter, Brady & Associates, of Peoria (Thomas E. Leiter, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, the City of Peoria, appeals from a judgment entered in a class action brought by the named plaintiffs, Andy Kalina, Robert Hillier, Gerald Belcher and the City of Peoria Municipal Employees Association. We affirm.

This court has twice before addressed issues raised on appeal in this litigation. (See *City of Peoria Municipal Employees Association v. City of Peoria* (1989), 182 Ill. App. 3d 407, 537 N.E.2d 1115; *City of Peoria Municipal Employees Association v. City of Peoria* (1990), 201 Ill. App. 3d 71, 559 N.E.2d 257.) In the instant appeal we are asked to address the propriety of the trial court's determination on the issue of damages.

This case arises out of a decision by the City of Peoria in 1983 to change from a biweekly payroll system to a semimonthly system beginning in 1984. The plaintiffs brought a class action contending the switchover to the new system resulted in the City failing to pay them

for work performed between December 10 and December 31, 1983. The proceedings were to be bifurcated with a jury trial on the issue of liability and a bench trial on the issue of damages.

At the conclusion of the jury trial, the jury returned a "general verdict" in favor of the plaintiffs. The jury also returned answers to special interrogatories. The trial court granted the defendant's motion for a directed verdict and the plaintiffs appealed. This court reversed and remanded, finding the jury's verdict that money was owed the plaintiffs was correct. *City of Peoria Municipal Employees Association v. City of Peoria* (1989), 182 Ill. App. 3d 407, 537 N.E.2d 1115.

On remand, the defendant contended before the trial court that this court's reversal required the trial court to review the verdict of the jury and enter judgment on the issue of liability. The defendant alleged the jury's answers to the special interrogatories were inconsistent with the "general verdict." The trial court rejected this proposition, finding that this court's opinion held the jury's verdict that money was owed the plaintiffs was correct.

Following a hearing, where evidence of what was owed the plaintiffs was presented, both parties filed motions for summary judgment. The trial court denied both motions on March 15, 1990. On plaintiffs' Rule 308 motion (134 Ill. 2d R. 308), the trial court certified the following question to this court: "Whether the Court's denial of Plaintiffs' Motion for Summary Judgment and Motion for Reconsideration violated the Appellate Court's Mandate."

This court denied the plaintiffs' application for leave to appeal in a published opinion. (*City of Peoria Municipal Employees Association v. City of Peoria* (1990), 201 Ill. App. 3d 71, 559 N.E.2d 257.) This court reiterated that the defendant was exposed to liability and clarified we had remanded the cause to the trial court for a hearing to assess damages. However, we recognized the defendant might have certain defenses concerning the total amount owed to the plaintiffs. In light of the defendant's recurrent arguments reflected in the record, we stated we were confident the trial court would disallow or disregard any defense raised by the defendant which went to the issue of liability and not damages.

On remand an extensive hearing was held before the trial court on the issue of damages. On October 22, 1990, the trial court entered an order finding by a preponderance of the evidence that the defendant owed the plaintiffs for the entire three weeks between December 10 and December 31, 1983. The trial court concluded that with certain adjustments, the defendant owed the plaintiffs $936,285.20 in unpaid wages. In addition to other costs, the trial court awarded the plain-

tiffs prejudgment interest through October 22, 1990, in the amount of $318,336.85 and post-judgment interest in the amount of $206.24 per day. On November 28, 1990, the trial court entered an order of distribution regarding the funds owed by the defendant. The defendant thereafter filed the instant appeal.

On appeal, the defendant contends the trial court erred in not entering judgment for the defendant based on the jury's answers to the special interrogatories. The defendant asserts that when this court reversed the directed verdict in favor of the defendant, this left the case without any judgment based on the jury's verdict and answer to interrogatories. The defendant argues the issue of the inconsistency of the jury's answers has never been addressed, and "the issue of liability has never been determined." We find this argument, made at this stage of the proceedings and in light of our previous two opinions in this case, to say the least, to be completely specious and without merit. This is simply an attempt to relitigate an issue—liability—long since decided. We revisit the issue at some length solely to put the matter finally to an end.

In pertinent part the jury returned the following verdict: "We, the Jury, find that there is due and owing by the Defendant to the Plaintiffs wages for work Plaintiffs performed during 1983." In response to special interrogatories, the jury responded:

1. "Do you find that in 1983 the Plaintiffs were salaried employees of the City of Peoria?" "Yes."

2. "Do you find that the compensation to which the Plaintiffs were entitled in 1983 was their annual salary?" "Yes."

3. "Do you find that the City paid the Plaintiffs their annual salary in 1983?" "Yes."

4. "Do you find that the City paid the Plaintiffs the compensation to which they were entitled in 1983?" "No."

The defendant maintains there is an inconsistency between the jury's "general verdict" and its answers to the special interrogatories, particularly interrogatory No. 3. The defendant asserts it is entitled to judgment based on this inconsistency. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—1108.) The defendant maintains this issue has never been addressed.

The record shows the defendant has raised this issue repeatedly throughout the course of this litigation beginning with an extensive memorandum requesting entry of judgment filed soon after the jury entered its verdict. Following consideration of the parties' arguments, the trial court held the defendant was entitled to either a directed verdict or judgment notwithstanding the verdict. The trial court

stated it would allow the defendant to draft the order, based on either ground, and that the trial court would make a final determination thereafter. The trial court indicated it did not believe the findings of the jury were inconsistent. The order entered June 16, 1988, granted the defendant's motion for a directed verdict. The order contained the following paragraph:

"This conclusion is supported by the Jury's answers to the [sic] certain special interrogatories submitted to it. The Jury determined that the Plaintiffs were salaried employees, that the compensation to which they were entitled in 1983 was their annual salary and that they were paid their annual salary."

On the first appeal in this matter, the issue was extensively briefed by the defendant. This court set forth the findings of the jury. After extensive analysis of the liability issue, this court concluded that the jury's verdict finding the defendant owed the plaintiffs money was correct, and that the trial court erred in granting the motion for a directed verdict. We noted the jury's findings and found no merit to the defendant's contention. Subsequently, the Illinois Supreme Court denied the defendant's leave to appeal.

On remand the defendant again raised this issue. The trial court correctly rejected this argument based on this court's opinion. Thereafter, in the second appeal, this court clarified the earlier opinion by stating that we had remanded the cause to the trial court for a hearing to assess damages. The amount of damages was the only issue remaining. However, as the record reflects, the defendant has repeatedly attempted to reopen the liability issue using this argument, as well as other theories advanced in the guise of arguing the damages issue.

■ In sum, this court has held that the jury's verdict that money was owed the plaintiffs was correct. To again clarify, we find no inconsistency in the jury's verdict. We find interrogatory No. 3 was ambiguous in light of the evidence and arguments presented to the jury. Clearly, the plaintiffs received in 1983 an amount *equivalent* to their 1983 salary. This would explain the jury's affirmative answer to interrogatory No. 3. However, as this court stated in the first opinion, the evidence showed that the first 1½ paychecks received in 1983 represented compensation for work performed in 1982. The defendant maintained that all paychecks received in 1984, including the January 3, 1984, paycheck, were compensation for work performed in 1984. Thus the jury found the defendant had not paid the plaintiffs their total 1983 compensation and thus owed money to the plaintiffs. There-

fore, we find the defendant's argument on this issue to be without merit.

The defendant also contends on appeal that the plaintiffs have failed to establish a *prima facie* case as to the existence and amount of damages, and have failed to rebut the testimony of its expert.

As the party seeking to recover, the plaintiffs had the burden not only to establish that they sustained damages but also to establish a reasonable basis for computation of those damages. (*Schoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36.) A reviewing court will not disturb the trial court's findings as to damages unless those findings are manifestly against the weight of the evidence. *Finance America Commercial Corp. v. Econo Coach, Inc.* (1983), 118 Ill. App. 3d 385, 454 N.E.2d 1127.

■ Through the testimony and exhibits proffered by the plaintiffs, the plaintiffs presented a reasonable method for computing the damages sustained. The trial court found the plaintiffs had proven the amount of their damages by a preponderance of the evidence. On review of the record, we hold this finding is not against the manifest weight of the evidence. The theory offered by the defendant's expert, William Barrick, was rebutted by the evidence presented by the plaintiffs. On review, we find the trial court correctly rejected Barrick's novel theory that city employees were paid in advance prior to 1983 depending on the employees' length of employment.

We find no merit to the defendant's contention the plaintiffs' evidence is based on the theory that plaintiffs have been paid in advance since 1984. The defendant argued at the trial on liability and before this court in the first appeal that all checks received in 1984, including the January 3, 1984, paycheck, were for work performed in 1984. The defendant asserted that the plaintiffs' yearly salary was divided by 25 and that the plaintiffs received 25 checks in 1984, the last being on December 31, 1984. This court found the first 1½ paychecks received in 1983 were for work performed in 1982 and therefore a three-week shortfall resulted at the end of 1983.

Now on appeal the defendant contends the first 1½ paychecks received in 1984 covered the work performed during the last three weeks of 1983. If this contention were true, then the 25 paychecks received by the plaintiffs in 1984 would cover the period from December 10, 1983, to December 24, 1984, a period of 54 weeks. The defendant in effect would be stretching the plaintiffs' yearly compensation over a period in excess of one year.

Nor is there any merit to the defendant's contention that plaintiffs have asserted that they have been paid in advance continuously

since 1984. The record only shows that the plaintiffs were paid in advance in the early part of 1984. By December 31, 1984, the plaintiffs were receiving paychecks approximately one week after the ending of the pay period the paycheck represented. The initial advanced payment had worked itself out by the end of 1984. Therefore the veiled threat, contained in the defendant's brief, to dock current employees three weeks' pay if the defendant is required to pay this judgment, is completely without support in the record. Based on the facts argued by the defendant at the liability phase, and found by this court in the first appeal, payment in advance occurred only during early 1984.

The defendant contends the trial court erred in awarding the plaintiffs prejudgment interest.

■ Generally, there is no right to recover prejudgment interest unless it is permitted by statute or there is an agreement between the parties. (*Alguire v. Walker* (1987), 154 Ill. App. 3d 438, 506 N.E.2d 1334.) However, on the facts of this case, we hold the award of prejudgment interest is supported by equitable principles. See *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1984), 128 Ill. App. 3d 678, 470 N.E.2d 1293.

In the instant case, this litigation has continued for nearly eight years. The defendant has changed its stand on basic facts even in light of express findings by this court. The defendant has twisted the arguments of the plaintiffs and continuously attempted to reopen issues previously determined. This has caused delay and unreasonably complicated the issues before this court and the trial court. The defendant has had eight years to recover interest on the sum which rightly belonged to the plaintiffs. The plaintiffs in turn have lost the opportunity to earn interest on compensation for work they performed in 1983. Under these circumstances, we find the trial court did not abuse its discretion in awarding the plaintiffs prejudgment interest.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed. Upon the issuance of the mandate in this case, the defendant is to comply with the terms of the trial court's order of distribution.

Affirmed.

BARRY and HAASE, JJ., concur.